**NOT FOR PUBLICATION**

DEC 07 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL GREGORIE, in his individual capacity and as Successor In Interest to Jessica Gregorie, deceased; and MARGARET GREGORIE, in her individual capacity and as Successor In Interest to Jessica Gregorie, deceased,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>ALPINE MEADOWS SKI CORPORATION, a California corporation; and POWDR CORP., a Delaware corporation,<br><br>Defendants-Appellees | No. 09-16963<br><br>D.C. 2:08-cv-00259-LKK-DAD<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Argued and Submitted November 4, 2010
San Francisco, California

_____

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

Before: THOMAS and IKUTA, Circuit Judges, and SETTLE,[**] District Judge.

We affirm the district court's grant of summary judgment in favor of Defendant.[1] Jessica Gregorie's (Plaintiffs' daughter) fatal snowboarding accident occurred on February 5, 2006, when she lost her footing, slipped on firm snow, and slid uncontrollably down an icy slope past a posted ski area boundary marker and over an outcropping of rocks. These are risks inherent in snowboarding, and Gregorie assumed them when she decided to access Beaver Bowl via the High Beaver Traverse at Alpine Meadows on the day of her accident. *See, e.g.*, *Luna v. Vela*, 169 Cal. App. 4th 102, 107–08 (2008); *Lackner v. North*, 135 Cal. App. 4th 1188, 1201–02 (2006). Defendant owed no duty to protect Gregorie from these risks; it only owed her a duty not to increase the risks she encountered beyond those which are inherent in snowboarding. *See Luna*, 169 Cal. App. 4th at 107–08*; see also Knight v. Jewett*, 3 Cal. 4th 296, 316 (1992).

The district court did not err in concluding that there was no genuine issue of material fact as to whether the risks Gregorie encountered were those inherent in

---

[**] The Honorable Benjamin Hale Settle, United States District Judge for the Western District of Washington, sitting by designation.

[1] Alpine Meadows Ski Corporation is a subsidiary of Powdr Corp. On summary judgment the district court dismissed Powdr Corp. as a party to the litigation. Plaintiffs do not appeal this ruling. On appeal, Alpine Meadows Ski Corporation is the sole Defendant.

the sport. Plaintiffs' argument that Defendant misdirected Gregorie into the Alpine Meadows backcountry (unpatrolled area) by mismarking its ski area boundary line, relative to the alleged technical boundary line, is unavailing. Plaintiffs supplied no evidence that the risks inherently associated with snowboarding were increased by virtue of an alleged technical mismarking of the ski area's boundary line. The uncontroverted facts establish that Defendant treated the area in which Gregorie fell as inbounds terrain. Nor is there a genuine issue of material fact as to whether Defendant's placement of warning signs in the High Beaver Traverse area was comparable to its placement of warning signs in inbounds areas of like difficulty. These facts make the boundary line dispute irrelevant because, even if Defendant did improperly mark its ski area boundary, the risks Gregorie encountered were no different than those she would have assumed had Defendant correctly marked its boundary line. We therefore hold that the district court correctly applied California's primary assumption of risk doctrine to preclude Plaintiffs' claims because Gregorie's fatal injuries resulted from risks inherent in snowboarding.

Because we affirm on the grounds discussed above, we need not determine whether California's express assumption of risk doctrine applies or whether Plaintiffs could have established causation for purposes of proving their negligence claim at trial.

3

**AFFIRMED.**